FILED
U.S. DISTRICT COURT

2006 OCT 31  P 2:26

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSE M. CANDELARIO,

      Petitioner,

vs.     :     CIVIL ACTION NO.: CV206-093

JOSE VASQUEZ, Warden,

      Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jose M. Candelario ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Respondent filed a Return on the Court's Order to Show Cause and Petitioner filed a Traverse. For the following reasons, the petition for writ of habeas corpus should be **DENIED**.

## STATEMENT OF THE CASE

Petitioner is currently serving a 360-month sentence at FCI Jesup for Conspiracy to Possess with the Intent to Distribute Crack Cocaine and Possession with Intent to Distribute a Schedule II Controlled Substance. Petitioner contends that he was placed in Administrative Segregation based on a false disciplinary report, issued in retaliation for his having exercised his First Amendment right of free speech. Petitioner further alleges that

AO 72A
(Rev. 8/82)

he was deprived of his constitutional due process rights first, by the fabricated investigation, and second, when two inmate witness requests were denied for his hearing before the Discipline Hearing Officer ("DHO"). Petitioner seeks to have the disciplinary action expunged and requests a restoration of fourteen (14) days of Good Conduct Time (GCT).

Respondent avers that Petitioner's due process rights were not violated. Respondent asserts that there is "some evidence" in the record to support the DHO's decision. Respondent further asserts that all of the requirements of due process were afforded to Petitioner.

## DISCUSSION AND CITATION OF AUTHORITY

**I.    Petitioner's Due Process Rights Were Not Violated**

Petitioner contends that his due process rights were violated in proceedings resulting from a verbal altercation between himself and Officer Robert Gill on October 19, 2003. Petitioner contends that false reports were issued regarding this incident by Officer Gill and Lieutenant Brian Ruley, and that as a result he was charged with Disruptive Conduct, Code 299, Most Like Encouraging a Group Demonstration, Code 212. Petitioner alleges that at his hearing before the DHO, his request to have witnesses present was denied in violation of his due process rights. Petitioner asserts that he was sentenced to a loss of good conduct time based on these allegedly unconstitutional disciplinary proceedings.

Respondent asserts that Petitioner was afforded all the requirements of due process relating to this incident. Specifically, Respondent contends that Petitioner received a copy of the incident report well in advance of the DHO hearing. Respondent avers that

2

Petitioner attended the DHO hearing, and had the opportunity to present evidence, call witnesses, and testify in his defense. (Doc. No. 8, p. 9). Respondent contends that the DHO report, provided to Petitioner, details the DHO's reasoning and factual basis for the decision. (Id.). Finally, Respondent asserts that "some evidence" exists supporting the DHO's determination. (Id. at 10).

A plaintiff states a cognizable claim for the deprivation of his procedural due process rights where he alleges the deprivation of "life, liberty, or property." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L. Ed. 2d 935 (1974); U.S. Const. Amend. XIV, § 1 (providing, in pertinent part, that "nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ."). The deprivation of good time credit clearly implicates a liberty interest. Wolff, 418 U.S. 558, 94 S. Ct. at 2976 (holding that a prisoner's liberty must be protected even where, as is the case with good conduct time, the liberty interest itself is a statutory creation of the state).

Constitutionally adequate process requires compliance with the minimum due process protections accorded to an inmate in prison disciplinary proceedings: (1) the right to receive written notice of the charges against him at least 24 hours before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) the right to receive a written statement setting forth the disciplinary committee's findings of fact. Wolff, 418 U.S. at 563-66, 94 S. Ct. at 2978-80. In addition, the Supreme Court has held that a finding of "some evidence" in the record to support the decision of a prison disciplinary board is necessary to satisfy the requirements of due process. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985). The

determination of whether this standard is satisfied merely requires inquiry into "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56, 105 S. Ct. at 2774.

This Court finds that Petitioner's due process rights were fulfilled by his disciplinary hearing. The record shows that Petitioner was given more than twenty-four hours advance written notice of the DHO hearing. (Gov. Ex. 2, p. 1; Gov. Ex. 8, p. 1). Plaintiff was advised of his rights relating to the hearing. (Gov. Ex. 6). Plaintiff was permitted to attend the hearing, give testimony, and present evidence. (Gov. Ex. 6; Gov. Ex. 7; Gov. Ex. 8). Furthermore, Plaintiff received a copy of the written findings of fact by the DHO. (Gov. Ex. 8, p. 5). Plaintiff complains that he was not allowed to call Inmates Price and Sweat as witnesses at the hearing. The record shows, however, that Petitioner was allowed to call Inmates Bullard and Cruz as favorable witnesses, and that these inmates appeared and testified for Petitioner. (Gov. Ex. 8, p. 3). The evidence also shows that Inmate Price was excluded as a witness because his testimony would have been repetitive and unnecessary, as Price's statement had previously been taken as a part of the investigation. (Gov. Ex. 8, p. 3). Furthermore, the DHO noted that Inmate Sweat's statement was previously taken regarding the incident. (Gov. Ex. 8, p. 4).

"[O]rdinarily the right to present evidence is basic to a fair hearing, but the inmate's right to present witnesses [in a disciplinary hearing] is necessarily circumscribed by the penological need to provide swift discipline in individual cases." Ponte v. Real, 471 U.S. 491, 495, 105 S. Ct. 2192, 2195, 85 L. Ed. 2d 553 (1985). "This right is additionally circumscribed by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." Id. The Supreme Court has

4

characterized an inmate's ability to call witnesses as a "mutual accommodation between institutional needs and objectives and the provisions of the Constitution . . . ." Wolff, 418 U.S. at 556, 94 S. Ct. at 2974.

Prison officials have great discretion to keep disciplinary hearings within certain reasonable limits, and to exclude requested witnesses as is necessary to accommodate institutional needs. In this case, the DHO clearly stated the reason for refusing to call the requested witnesses, namely for lack of necessity. The Supreme Court has stated that "so long as the [hearing officer's] reasons are logically related to preventing undue hazards to 'institutional safety or correctional goals,' the explanation should meet the due process requirements as outlined in Wolff." Ponte, 471 U.S. at 497, 105 S. Ct. 2196. Considering the amount of discretion afforded prison officials in this context, this Court finds that Plaintiff's due process rights were not violated by the DHO's failure to call the inmates as witnesses.

Finally, there is "some evidence" in the record to support the DHO's findings. The DHO considered Petitioner's own statements, the statements of Officer Gill, and the statements of Petitioner's witnesses and others. (Gov. Ex. 8, pp. 2-4). It is not the role of this Court to determine the propriety of the evidence, only that there is some evidence in the record to support the findings of the DHO. See Hill, 472 U.S. at 455, 105 S. Ct. at 2774. Petitioner's due process rights were not violated regarding the disciplinary sanctions and the hearing he received.

5

## II. Petitioner's Conditions of Confinement Claim is Not Cognizable in a § 2241 Proceeding

Petitioner contends that the incident report in his case was based on a fabricated investigation, conducted in retaliation for his having exercised his First Amendment rights. (Doc. No. 1, pp. 2-3). Courts should look beyond the terminology used in a pleading to its actual content before deciding the true nature of that pleading. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982). In general, the distinction between claims brought as challenges to the inmate's conditions of confinement and those that must be brought as habeas petitions is now reasonably well settled. A writ of habeas corpus is the means by which prisoners may challenge the legality of their confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). On the other hand, the law of the Eleventh Circuit is clear that the appropriate relief from unconstitutional prison conditions is not release by writ of habeas corpus. Instead, it is a discontinuance of the improper practice or correction of the conditions. Gomez v. U.S., 899 F.2d 1124, 1127 (11th Cir. 1990) (citing Cook v. Hanberry, 596 F.2d 658, 660 (5th Cir. 1979)).

Based on this settled distinction, Petitioner's claims that officials at FCI Jesup retaliated in violation of his First Amendment rights are more analogous to those claims asserted in civil rights actions. Should Petitioner wish to assert a civil rights claim based on these alleged violations, he must assert those claims under Bivens v. Six Unknown

AO 72A
(Rev. 8/82)

Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), not in a habeas corpus petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 31st day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)